The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on the following two questions:
 1. Who has the final authority to decide how and to what entities Act 833 funds are to be distributed?
 2. Does the Arkansas Fire Prevention Code, Volume I — Standard Fire Prevention Code and Volume II — Building Construction, apply to the unincorporated areas of a county in Arkansas if that county has not adopted the Code by ordinance?
In my opinion, each county quorum court has authority to apportion funds received under Act 833 of 1991 to the fire protection entities within such county unless its county intergovernmental cooperation council notifies the quorum court of the fire protection needs of the districts and municipalities within the county, in which event the quorum court must apportion the funds based upon those needs.
The foregoing opinion is, in essence, a restatement of a portion of the provisions of A.C.A. § 14-284-403(a)(2) (Cum. Supp. 1993), which dictates apportionment of funds available to the counties under Act 833. I am enclosing for your information copies of Ops. Att'y Gen. 93-118 and 92-341, both of which concluded that, in the event the county intergovernmental cooperation council informs the quorum court of the fire protection needs of the districts and municipalities within the county, the quorum court must apportion Act 833 funds based upon those needs. No change in law has occurred since the issuance of those opinions that would call into question the conclusions reached therein.
With respect to your second question, it is my opinion that the Arkansas Fire Prevention Code, 1992 Edition (the "Code"), applies in its entirety to unincorporated areas of a county if the county has not adopted by ordinance the Code or its own fire prevention ordinance that is at least as stringent as the Code and that has been has been approved by the State Fire Marshall Enforcement Section of the Department of Arkansas State Police (the "State Fire Marshall").
Arkansas Code Annotated § 12-13-105(5) empowers the State Fire Marshall to "enforce the fire prevention code and periodically revise and update such code." In addition, A.C.A. § 12-13-107(b) authorizes the Director of the Department of Arkansas State Police (the "Director") "to adopt reasonable rules and regulations for the effective administration of [the Fire Prevention Act] to accomplish its intent and purposes, and to safeguard the public from fire hazards." Nothing in the Fire Prevention Act, codified at A.C.A. §§ 12-13-101 to -116, purports to limit the geographical applicability of the Act or of the rules authorized to be promulgated thereunder.
The Code has been adopted by the Director in accordance with the Arkansas Administrative Procedures Act, A.C.A. §§ 25-15-201 to -214 (1987 and Cum. Supp. 1993). See Order of the Director (April 27, 1992) (included in the Code). Section 1-301 of the Code provides that the State Fire Marshall is the interpretative and enforcement officer for the Act with respect to, among other things, "all buildings in those areas of the state, both city and county, that are not covered by a duly adopted Fire Prevention Code that is as stringent as the Arkansas Fire Prevention Code." Sections 1-304.1 and 1-304.2 of the Code provide that the State Fire Marshall enforces the Code except in localities having a fire prevention code at least as stringent as the Code, in which case local officials enforce the local code. It is apparent from the foregoing that the Code is of statewide applicability except in those areas having a local fire prevention code at least as stringent as the Code.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh